## ARNOLD, ET AL., *vs.* THE STATE.

1. The judge of the City Court of Mobile has power to take a bond conditioned that the principal obligor " make his personal appearance before the City Court, now in session, *instanter*, and from day to day during the term, and from term to term thereafter, to answer the State of Alabama on a charge of an assault to murder."

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

BARNEY ARNOLD was indicted, at the December term, 1851, of the City Court of Mobile, for an assault with intent to murder, and, on being arrested, entered into bond with William Fisher and W. L. Nunnallee as sureties, conditioned that he should "make his personal appearance before the City Court of Mobile, now in session, *instanter*, and from day to day during the term, and from term to term thereafter, to answer the State of Alabama on a charge of an assault to murder, and that he depart not thence without the leave of the court." At the July term, 1852, a judgment *nisi* on this bond was rendered against all the obligors ; on which a *scire facias* was issued, which was returned executed as to the sureties, and not found as to the principal ; and after two returns of not found as to the principal, the judgment *nisi* was made final as to all the parties. It appears that a motion was made at the October term, 1852, before the rendition of the judgment final, " to quash the bond and *scire facias* for defects apparent on the same" ; but the record nowhere shows what disposition was made of the motion, and the judgment entry recites that "the defendants came not, but made default." No errors are assigned on the record.

P. T. SAYRE and J. Y. BLOCKER, for the appellant.

M. A. BALDWIN, Attorney General, with whom was P. HAMILTON, *contra.*

CHILTON, C. J.—Upon an examination of the statutes, we entertain no doubt that the power to take the bond for the

appearance of the appellant is conferred upon the judge of the City Court.

The fourth section of the act of 1846 (Pamphlet Acts, pp. 30, 31) confers general criminal jurisdiction upon the City Court, co-extensive with the Circuit Court of Mobile, and declares that "the judge of said court, herein provided for, shall be a conservator of the peace in Mobile county, and as such, and in the exercise of the jurisdiction hereby conferred, shall, in the recess or vacation of said court, have the same power and authority as the judges of the Circuit Courts." The judges of the Circuit Courts had the power to take such a bond as the one in question; and we are not permitted to doubt that the clear intention of the Legislature, in the clause of the statute above quoted, was to confer a similar power upon the judge of the City Court.

We deem it unnecessary to notice the other statutes referred to.

Let the judgment of the City Court be affirmed.